**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5034**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

REGINALD LOVE BROWN, a/k/a Love Brown,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge.  (5:10-cr-00322-D-2)

———————

Submitted:  June 27, 2012          Decided:  July 16, 2012

———————

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Jorgelina E. Araneda, ARANEDA LAW FIRM, P.C., Raleigh, North
Carolina, for Appellant.   Thomas G. Walker, United States
Attorney, Jennifer P. May-Parker, Joshua L. Rogers, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Love Brown was sentenced to life in prison after a jury convicted him of one count each of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(b)(1) (2006); interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951 (2006); and using and carrying firearms during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C.A. §§ 2, 924(c) (West 2000 & Supp. 2011). On appeal, Brown asserts that the district court erred when it: (1) denied his suppression motion because he argues that the pretrial identification process was impermissibly suggestive and, thus, violated his due process rights; (2) denied his Fed. R. Crim. P. 29 motion because he argues that the Government's evidence was insufficient to convict him of the three counts with which he was charged; and (3) that his life sentence is unreasonable.[1] Finding no error, we affirm.

---

[1] Brown has filed a motion to file a pro se supplemental brief, along with a pro se supplemental brief. Because Brown is represented by counsel who has filed an extensive merits brief, as opposed to a brief pursuant to Anders v. California, 386 U.S. 738 (1967), he is not entitled to file a pro se supplemental brief and we deny his motion. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir.) (denying motion to file pro se supplemental brief because the defendant was represented by counsel), cert. denied, 132 S. Ct. 564 (2011).

When considering a district court's ruling on a suppression motion, we review the district court's legal conclusions de novo and its factual findings for clear error. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). When a suppression motion has been denied by the district court, this court construes the evidence in the light most favorable to the Government. Id. A factual finding is clearly erroneous if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks and citation omitted). When alternate views of the evidence are plausible in light of the record as a whole, "the district court's choice between them cannot be clearly erroneous." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks, brackets and citation omitted).

Due process principles prohibit the admission at trial of an out-of-court identification obtained through procedures "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." Simmons v. United States, 390 U.S. 377, 384 (1968). "The Due Process Clause is not implicated, however, if the identification was sufficiently reliable to preclude the substantial likelihood of misidentification." United States v. Saunders, 501 F.3d 384,

3

389 (4th Cir. 2007) (concluding that even though a photo display was impermissibly suggestive, the identification was still reliable and did not violate due process) (internal quotation marks and citation omitted).

Thus, in order to determine whether a challenged identification procedure should be suppressed, the court engages in a two-step analysis. First, the defendant "must prove that the identification procedure was impermissibly suggestive." Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir. 1994). If it was not, the inquiry ends. If the procedure was impermissibly suggestive, "the court then must determine whether the identification was nevertheless reliable under the totality of the circumstances." Id. A review of law enforcement's photographic array in this case confirms that the district court's factual findings were not clearly erroneous and, thus, the photographic array was not impermissibly suggestive.[2]

We review the denial of a Rule 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is

---

[2] Even if we determined that the photographic array was impermissibly suggestive, we nonetheless conclude that the identifications were reliable. See Manson v. Brathwaite, 432 U.S. 98, 114 (1977); Satcher v. Pruett, 126 F.3d 561, 566 (4th Cir. 1997).

substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. King, 628 F.3d 693, 700 (4th Cir. 2011) (internal quotation marks omitted).

In resolving issues of substantial evidence, the court does not reweigh the evidence or reassess the factfinder's determination of witness credibility, and we must assume that the jury resolved all contradictions in testimony in favor of the Government. See United States v. Roe, 606 F.3d 180, 186 (4th Cir.), cert. denied, 131 S. Ct. 617 (2010). Thus, a defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

Brown asserts that the testimony against him was untruthful and insufficient to find that he was involved in the crimes of which he was convicted, essentially because there were contradictions in that testimony. Because we must assume that the jury resolved all contradictions in testimony in favor of the Government, see Roe, 606 F.3d at 186, we conclude that it was reasonable for the jury to accept the Government's evidence

as adequate and sufficient to find Brown guilty of the offenses with which he was charged beyond a reasonable doubt. Accordingly, we affirm Brown's convictions.

We also affirm Brown's life sentence. After United States v. Booker, 543 U.S. 220 (2005), this court reviews a sentence for reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless the court can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). However, we review unpreserved non-structural sentencing errors for plain error. Id. at 576-77.

If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is within the Guidelines range, the court presumes on appeal that the sentence is reasonable. United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (permitting presumption of reasonableness for within-Guidelines sentence).

Brown's argument to the contrary, the district court did not increase his base offense level under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.1(e) (2010), which mandates that an offense level be enhanced one level "for each prior sentence resulting from a conviction of a crime of violence that did not receive any points" under the other provisions of USSG § 4A1.1. Rather, the district court increased Brown's offense level under USSG § 4A1.1(d) (2010), because Brown was on probation at the time he committed the offenses of which he was convicted, a fact that he does not dispute on appeal.

Moreover, although Brown challenges the propriety of one of three prior convictions used to support his career offender status, because only two prior felony convictions of either a crime of violence or a controlled substance offense are necessary for career offender status, see USSG § 4B1.1(a)

7

(2010), Brown would be classified as a career offender regardless of whether the challenged conviction were a proper predicate offense. See Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

We also discern no error in the district court's decision to increase Brown's offense level for obstruction of justice. It is well-established that so long as the district court sentences a defendant within the statutory maximum authorized by the jury findings or guilty plea, a district court can consider facts that it finds by a preponderance of the evidence to exercise its discretion in determining an appropriate sentence within that maximum. See, e.g., United States v. Grubbs, 585 F.3d 793, 798-99 (4th Cir. 2009) (holding that, for sentencing purposes, a district court may consider uncharged conduct found by a preponderance of the evidence); United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) (holding that, so long as the Guidelines range is treated as advisory, a sentencing court may consider and find facts by a preponderance of the evidence, provided that those facts do not increase a sentence beyond the statutory maximum). We conclude that Brown's due process rights were not violated when the district court considered Brown's relevant conduct and increased his base offense level two levels for obstruction of justice.

8

Thus, because Brown's life sentence is a within-Guidelines sentence, we afford it the presumption of reasonableness. Go, 517 F.3d at 218. Although Brown attempts to rebut this presumption by arguing that his sentence is disproportionate to his co-defendants and violates the Eighth Amendment, we reject these arguments. See, e.g., United States v. D'Anjou, 16 F.3d 604, 613-14 (4th Cir. 1994) ("[T]he imposition of life without parole is not cruel and unusual.").

Based on the foregoing, we deny Brown's motion to file a pro se supplemental brief and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED